IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **RAYNELL WILLIAMS,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**SHELBY COUNTY SHERIFF WILLIAM** )<br>**OLDHAM, et al.,** )<br>)<br>Defendants. ) | No. 2:13-cv-02373-JDT-tmp |

## REPORT AND RECOMMENDATION

On May 31, 2013, plaintiff Raynell Williams filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983, (ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis* and appointment of counsel. (ECF Nos. 2 & 3.) The defendants named include Shelby County Sheriff William "Bill" Oldham, Chief Robert Moore, Assistant Chiefs "McGee" and "Bowers," numerous Shelby County Sheriff's Office lieutenants, sergeants, and officers, attorneys, court personnel, medical providers, and a state criminal court judge. On June 3, 2013, the court issued an order granting Williams leave to proceed *in forma pauperis*. (ECF No. 4.) On June 6, 2013, the court denied Williams's motion for appointment of counsel. (ECF No. 5.) Pursuant to Administrative Order No. 2013-05, this case has been

-1-

referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons below, it is recommended that this case be dismissed with prejudice for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. PROPOSED FINDINGS OF FACT

The complaint contains the following allegations. From 2010 to 2012, Williams was incarcerated at the Shelby County Jail. Williams was released on June 13, 2012. During his incarceration, Williams alleges that he suffered both physical and psychological abuse as a result of mistreatment by numerous officers employed at the Shelby County Jail. According to the complaint, on January 10, 2011, Williams was transferred from the 1B protective custody pod to the 2N mental health pod. Williams was housed in the 2N pod from January 10, 2011 to May 9, 2012. (Pl.'s Compl. 3, ECF No. 1.) During his stay in the 2N pod, Williams alleges that the officers assigned to the 2N pod conspired to abuse and mistreat him. Williams claims that from January 2011 to May 2012, the officers assigned to the 2N pod continuously poisoned his food by placing substances in his meals that caused Williams to suffer severe headaches. (Pl.'s Compl. 2, ECF No. 1.) Williams also claims that from January 2011 to May 2012, the officers intercepted his incoming and outgoing mail. Williams states that the officers read

his mail and disclosed the contents of his mail to other officers and to other inmates housed in the 2N pod. (Pl.'s Am. Compl. 3, ECF No. 6.)

Along with his claims that the officers employed at the Shelby County Jail abused him throughout his incarceration, Williams claims that the 2N pod assigned officers denied him access to court on three separate scheduled court dates. On March 20, 2012, April 9, 2012, and May 9, 2012, Williams claims that he was scheduled to appear in court. (Pl.'s Am. Compl. 6, ECF No. 6.) When Williams asked the officers on duty when they would escort him to court, the officers refused to transport him and told him that his court date had been rescheduled. Williams claims that the officers' actions of denying him those court appearances constitute a violation of his civil rights under § 1983. (Pl.'s Am. Compl. 6, ECF No. 6.)

After Williams was denied his court appearances on March 20, April 9, and May 9, 2012, he asked the 2N pod counselor, Curtis A. Hanna, to contact his court appointed counsel, Taurece A. Riley. Williams claims that he received no response from Riley until he was contacted by another attorney, Randal G. Rhea, on June 8, 2012. Williams claims that Rhea informed him on June 8, 2012, that Riley no longer represented Williams and that Rhea was appointed to represent him on February 15, 2012. (Pl.'s Am. Compl. 6, ECF No. 6.) Williams claims that Riley and Rhea's failure to contact him before June 2012 resulted in ineffective assistance of counsel, in

violation of his civil rights under § 1983.

## II. PROPOSED CONCLUSIONS OF LAW

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires

a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); see also Herron v. Kelly, No. 1:10cv1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (affording liberal interpretation to a *pro se* plaintiff's pleading). However, "*pro se* plaintiffs are not automatically entitled to take every case to trial," Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), and "the lenient treatment of *pro se* litigants has limits." Baker v. Boyd, No. 5:11CV-P59-R, 2013 U.S. Dist. LEXIS 901874, at *2 (W.D. Ky. May 3, 2013) (quoting Pilgrim, 92 F.3d at 416) (internal quotation marks omitted). One of these limits includes the applicable statutes of limitations. See Sanford v. Ohio Dep't of Mental Retardation and Developmental Disabilities, No. 1:12-CV-2970, 2013 WL 3243624, at *4 (N.D. Ohio June 25, 2013) (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") (internal quotation marks omitted).

Actions under § 1983 are governed by state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year statute of limitations period. Tenn. Code Ann. § 28-3-104(a); see also Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year.") (citations omitted). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. In particular, the § 1983 statute of limitations period begins on the date of the constitutional violation. Jacox v. City of Memphis, 12-2337-JDT/DKV, 2013 WL 5937965, at *3 (W.D. Tenn. 2013) (dismissing § 1983 complaint as time-barred where defendant's alleged violation occurred on April 26, 2011, and the plaintiff filed the complaint on April 27, 2012).

According to Williams's complaint, the alleged constitutional

violations committed by the defendants occurred between January 2011 and May 9, 2012. However, he did not file his complaint until over a year later, on May 31, 2013. (ECF No. 1.) Williams's claim that he was contacted on June 8, 2012, by attorney Randal Rhea, is the only event described in the complaint that occurred within the one-year statute of limitations period. However, receiving a phone call from an attorney does not give rise to a cause of action under § 1983. Because Williams failed to file his complaint within the one-year statute of limitations period, his § 1983 claims against the defendants are time-barred.

### III. RECOMMENDATION

For the above reasons, it is recommended that all claims against all defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that this case be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 7, 2014
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**